# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11216
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 4, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL ANGEL CHAVEZ-SAUCEDO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-143-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Miguel Angel Chavez-Saucedo pleaded guilty to being an alien who had illegally reentered this country. The district court varied upward from the applicable guidelines sentencing range and sentenced Chavez to 40 months of imprisonment and a three-year term of supervised release. Chavez now appeals his sentence as being substantively unreasonable. He argues that the upward variance was based on his criminal history, which he considers to be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unremarkable, and the high number of his prior removals, which he asserts is not extraordinary in illegal-reentry cases. He also argues that his criminal history and his prior removals were already taken into account in the calculation of his guidelines imprisonment range.

Sentences, whether inside or outside the Guidelines, are reviewed for reasonableness in light of the 18 U.S.C. § 3553(a) factors. *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence is unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Chandler*, 732 F.3d 434, 437 (5th Cir. 2013) (internal quotation and citations omitted).

The record reflects that the district court considered Chavez's mitigating arguments but appropriately relied on several § 3553(a) factors in determining that an above-guideline sentence was warranted. Those factors included Chavez's criminal history and characteristics, the need to provide adequate deterrence to his further recidivism, and the need to protect the public from his further crimes. The district court's decision to vary 19 months above the advisory guidelines range was based on permissible factors that advanced the objectives set forth in § 3553(a). Further, the extent of the variance was not significant compared to other more substantial variances affirmed by the court. *See United States v. Brantley*, 537 F.3d 347, 349-50 (5th Cir. 2008); *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008).

AFFIRMED.